IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Richard Bernard Moore, | ) | |
| | ) | Civil Case No. 4:14-4691-MGL-TER |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bryan P. Stirling, Commissioner, | ) | |
| South Carolina Department of Corrections; | ) | |
| Joseph McFadden, Warden, Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On November 20, 2014, the petitioner in this capital habeas corpus matter, Richard Bernard Moore ("Petitioner"), requested that the court appoint two attorneys to represent him. (*See* ECF No. 1.)  On December 17, 2014, the court granted this request in part by appointing Christopher W. Adams as lead counsel, (ECF Nos. 15, 17), but the court requested further support for appointing a non-CJA panel attorney, Lindsay S. Vann, as second chair counsel (ECF No. 19).  In response, Petitioner has filed a brief in support of appointing Ms. Vann.  (ECF No. 21.)  The court has reviewed Petitioner's submission and decides as follows.

Pursuant to 18 U.S.C. § 3599(a)(2) and § VII(A)(1) of this district's Plan for Implementing the Criminal Justice Act (the "CJA Plan"), indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" to pursue federal habeas corpus remedies. *See In re Amendments to the Plan of the U.S. Dist. Ct. for the Dist. of S.C. for Implementing the Criminal Justice Act*, No. 3:10-mc-5005-CIV (D.S.C. May 5, 2010).  Further, the Guide to Judicial Policies and Procedures (the "Guide") states that, in capital habeas corpus matters,

1

"[d]ue to the complex, demanding, and protracted nature of [the] proceedings, judicial officers should consider appointing at least two attorneys."  The Guide, vol. 7, ch. 6, § 620.10.20(b).

Pursuant to § 3599, appointed counsel must satisfy the following requirements:

(c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(d) With respect to subsection[] . . . (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

In addition, the CJA Plan requires that "[a]t least one attorney appointed must have been admitted to practice in the District of South Carolina for at least five (5) years or must be on the court's first-tier death penalty list."  CJA Plan § VII(A)(1).  In appointing counsel for death-sentenced state prisoners, the court is to give "consideration . . . to attorneys who are members of the first-tier of the death penalty CJA panel."  *Id.* § VII(A)(2).  "However, the Court shall not be precluded from making appointments from the second-tier death penalty CJA panel or from the general CJA panel."  *Id.*

Petitioner's current counsel, Christopher W. Adams, satisfies all of the requirements set forth in § 3599 and the CJA Plan and was appointed lead counsel by order of December 17, 2014.[1]  Thus, the only question before the court is the appropriateness of appointing an attorney who is not currently on the CJA panel or the death penalty CJA panel as second chair counsel.

Lindsey S. Vann is an attorney at the Death Penalty Resource & Defense Center in Columbia.  The CJA Plan recognizes the Death Penalty Resource & Defense Center as a community defender organization under subsection (g) of the CJA, *see* CJA Plan § VII(B), and

---

[1]  The United States Magistrate Judge assigned to this case appointed Mr. Adams.  However, pursuant to the CJA Plan, § III(A)(4), a non-CJA panel attorney may be appointed by the District Judge.

requires that the organization's attorneys be admitted to practice before this court and instructs that they "shall enroll as members of the court's death penalty panel," *id.* § VII(B)(4). Ms. Vann has been admitted to practice before this court and, while she is not currently on the court's death penalty CJA panel, Petitioner's brief states that Ms. Vann has filed an application for enrollment. (*See* ECF No. 21, p. 3 n.1.)

In addition, Ms. Vann has been appointed to represent a death row inmate in another habeas action pending in this court and has been appointed to represent two death row inmates in their state post-conviction proceedings. Further, Ms. Vann has prior experience in post-conviction representation of death-sentenced inmates through her work with the Office of the Federal Public Defender for the Eastern District of Virginia and the Virginia Capital Representation Resource Center. Ms. Vann has received significant training on federal habeas matters and her current practice focuses almost exclusively on representing death sentenced inmates in South Carolina.

Along with the supplemental brief in support of Ms. Vann's appointment, Petitioner provided affidavits from Emily C. Paavola, the current Executive Director of the Death Penalty Resource & Defense Center; John H. Blume, the previous Executive Director of the Death Penalty Resource & Defense Center who continues to work closely with the center and serve on this court's CJA death penalty panel; and Christopher W. Adams, lead counsel on this case. (*See* ECF No. 21-2, 3, 4.) All three affiants attest that Ms. Vann is fully qualified to represent Petitioner in this matter. Moreover, Mr. Adams states that he agreed to move for appointment as lead counsel in this action contingent on Ms. Vann moving for appointment, and being appointed, as second chair counsel. (ECF No. 21-4 ¶ 2.)

Respondents have not objected to Ms. Vann's appointment and, based on Ms. Vann's background, knowledge, and experience, the court finds that Ms. Vann properly can represent Petitioner in this matter.  Accordingly, the court appoints Lindsay S. Vann as second chair counsel.

**Cost Containment and Budgeting**

The court cautions counsel that duplication of efforts and unnecessary attorney time are to be avoided. The Judicial Council of the United States Court of Appeals for the Fourth Circuit has considered adoption of a resolution governing review of attorney compensation requests in death penalty habeas corpus cases.[11] Under this resolution, any request for compensation in excess of certain amounts ($50,000) per attorney at the district court level is deemed presumptively excessive. While the effective date of this resolution has been stayed pending public comment,[22] the court encourages appointed counsel to make efforts to contain expenses and fees in this matter in light of the stated figure to the extent they can do so without detracting from their representation of Petitioner's positions in this case.

Ms. Vann shall comply with the instructions in the court's order appointing Mr. Adams regarding voucher and budget submission, except that Petitioner's counsel shall have until January 23, 2015, to submit their confidential proposed litigation budget.

**IT IS SO ORDERED**.

Signed this 13th day of January, 2015, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

---

[11] *See Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases*,
http://www.ca4.uscourts.gov/pdf/noticeofresolutionattorneycompensationcapitalcases.pdf.
[22] *See Suspension of Effective Date of Special Procedures for Reviewing Attorney Compensation requests in Death Penalty Cases*,
http://www.ca4.uscourts.gov/pdf/noticeofsuspensionresolution attorneycompensationcapitalcases.pdf.