UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| Richard Bernard Moore, | ) | C/A No.: 4:14-cv-4691-MGL-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Bryan P. Stirling, *Commissioner, South* | ) | |
| *Carolina Department of Corrections*; | ) | |
| Joseph McFadden, *Warden of Lieber* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This death penalty habeas corpus matter is before the court on a motion to stay filed by the petitioner, Richard Bernard Moore.[1]  Counsel for Petitioner filed the petition for writ of habeas corpus on August 21, 2015. (ECF No. 43).  On November 16, 2015, Respondents filed a return and memorandum along with a motion for summary judgment.  (ECF Nos. 56 & 57).

On December 4, 2015, counsel for Petitioner filed the Motion to Stay Proceedings Pending Exhaustion of State Remedies pursuant to the holding in *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (allowing stays of habeas cases in limited

---

[1] The Court has previously granted Petitioner's motion for a stay of execution and has appointed counsel to represent Petitioner in this matter.

circumstances), so that Petitioner could exhaust several unexhausted grounds via a contemporaneously-filed application for post-conviction relief in the Court of Common Pleas for Spartanburg County.[2] Counsel for Respondents on December 21, 2015, filed a response in opposition to the motion to stay. (ECF No. 64). Counsel for Petitioner filed a reply on January 4, 2016. (ECF No. 66). This matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Upon review of the parties' filings, the record, and the applicable law, the undersigned grants Petitioner's motion to stay.

## *Background*

On October 22, 2001, the Court of General Sessions for Spartanburg County sentenced Petitioner to death for murder and to incarceration for thirty years for armed robbery, ten years for assault with intent to kill, and five years for possession of a weapon during the commission of a violent crime. Petitioner's convictions arise out of the murder of Jamie Mahoney during the commission of an armed robbery at Nikki's Speedy Mart early in the morning of September 16, 1999. *See State v. Moore*, 357 S.C. 458, 593 S.E.2d 608 (2004). Petitioner filed an application for post-

---

[2] Because the pending post-conviction relief application was filed on the same day that Petitioner filed the instant motion to stay, Petitioner did not provide the Court with the case number in the pending post-conviction relief action. Based on a review of the Spartanburg County Seventh Judicial Circuit Public Index, the undersigned believes the case number for Petitioner's pending action is 2015-CP-42-5040.

2

conviction relief (Case No. 2004-CP-42-2715) on August 8, 2004. The Court of Common Pleas for Spartanburg County denied relief in the post-conviction case on August 1, 2011. Thereafter, Petitioner filed a petition for writ of certiorari in the Supreme Court of South Carolina, which was denied on September 11, 2014.

In the instant petition, Petitioner presents eight grounds, seven of which are potentially unexhausted, in whole or in part, according to the information provided to this Court by both parties.[3] Thus, in his pending PCR action, Petitioner seeks to exhaust the grounds designated as Grounds I through V, VII, and VIII of his habeas petition filed in this case. Ground I alleges that trial counsel failed to adequately investigate and prepare to confront and rebut the State's physical evidence. Grounds II and III concern whether trial counsel adequately handled juror qualification and selection. Ground IV alleges trial counsel should have challenged the State's decision to seek the death penalty as arbitrary and disproportionate to the crime with which Petitioner was charged. Ground V concerns whether trial counsel failed to adequately investigate and present mitigating evidence. And Grounds VII and VIII are based on counsel's failure to request a charge on the statutory mitigating circumstance of

---

[3] Petitioner appears to have mislabeled two of his grounds for relief in his motion to stay. In particular, Petitioner has mislabeled Ground VII from his petition as Ground VI, and he has mislabeled Ground VIII from his petition as Ground VII. The undersigned will refer to these grounds by the numbers assigned to them in the petition rather than the numbers used by Petitioner in his motion.

3

provocation by the victim and to oppose the charges on the aggravating statutory circumstances of murder committed while in commission of an armed robbery and murder committed for the purpose of receiving money.

### *Discussion*

Petitioner argues that his petition is a "mixed" petition and therefore requests that the undersigned stay this habeas action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), until the state court rules on his pending second PCR application.

Under *Rhines*, a federal habeas case may be stayed and held in abeyance "where such a stay would be a proper exercise of discretion." *Id.* at 276. The Supreme Court further stated that in certain instances where a petitioner had filed a "mixed" petition—a petition containing exhausted and unexhausted claims—an exercise of discretion would be proper. *Id.* at 273–73, 276–78.

Prior to *Rhines* and the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), total exhaustion of state remedies was required prior to the filing of a federal habeas petition, which required all mixed petitions to be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509 (1982); *Rhines*, 544 U.S. at 273–74. After the enactment of AEDPA, which included a one-year statute of limitations for the filing of federal habeas petitions under § 2254, the Supreme Court modified the rule regarding mixed petitions in certain limited circumstances. The

modification was due to the fact that situations could arise where a mixed petition is timely filed in federal court, but the result of dismissing the federal habeas petition may result in time-barring the petitioner from returning to federal court after completing his obligation to exhaust all issues. *Rhines*, 544 U.S. at 275. Therefore, the *Rhines* Court held that a district court may in limited circumstances stay a habeas proceeding; however, it is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Additionally, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Accordingly, a stay should be granted where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

  In support of his motion, Petitioner argues that his petition constitutes a "mixed" petition and that he satisfies the requirements of Rhines. Respondents first dispute whether Petitioner's petition is a mixed petition. There does not appear to be any dispute that Grounds II, IV, and VIII were never presented to the state courts. However, Respondents argue that the petition does not contain any "unexhausted claims" because based on state law, Petitioner's recently filed PCR application will

be dismissed as successive and/or untimely. As explained herein, the undersigned cannot find under the circumstances in this case that the state court remedies are unavailable; moreover, that determination should be made by the state court in Petitioner's pending PCR action. *See, e.g.*, *Staton v. McCall*, C/A No. 5:12-cv-2483-GRA, 2013 WL 3551546 at *4 (D.S.C. July 11, 2013) ("Moreover, with regard to any questions about whether Petitioner is procedurally barred from proceeding in the pending state court proceedings with his claim because of his failure to raise it on direct appeal, the Court finds, as the Magistrate Judge did, that such questions are best resolved there.").

### *Good Cause*

With regard to the *Rhines* factors, Petitioner argues that while "good cause" has not been defined, "the requirement is not a particularly demanding one." (ECF No. 58 at 5). In support of his "good cause," Petitioner appears to argue that counsel in his original PCR proceedings (both initial and appellate) were ineffective in failing to raise Grounds I through V, VII, and VIII. Petitioner relies on the Supreme Court's decision in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), to support his argument that the ineffectiveness of PCR counsel constitutes good cause to stay this federal habeas action while his second PCR action is pending.

Respondents admit that Petitioner's Grounds II, IV, and VIII are procedurally

defaulted but contend there is not "good cause" under *Rhines* because those grounds are meritless as argued in Respondents' return. Respondents also contend that Petitioner has construed *Martinez* far too broadly.[4] However, Respondents concede that the South Carolina Supreme Court has granted certiorari and has heard oral argument in *Robertson v. State* (App. Case No. 2012-205909), a case which concerns the *Martinez* decision and a successive application by a death-sentenced inmate.

Under the facts and circumstances of this case, the court finds that Petitioner has demonstrated good cause. *See e.g.*, *Terry v. Byars*, C/A No. 4:12-1798-SB-TER, 2012 WL 6102938, at *6 (D.S.C. Dec. 10, 2012) ("The ultimate uncertainty of the state court's disposition of the claim qualifies for good cause under *Rhines*."); *Williams v. Fahey*, C/A No. 3:09CV769, 2011 WL 2443722, at *4 (E.D. Va. June 14, 2011) ("The Supreme Court's limited comments on what constitutes good cause to warrant stay and abeyance do not indicate that the standard is meant to be inordinately demanding.") (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) and *Rhines*, 544 U.S. at 279 (Stevens, J., concurring)).

---

[4] For instance, Respondents note that Petitioner cannot show cause for the procedural default of his Grounds III and VII since those claims could have been exhausted but were not raised in Petitioner's PCR appeal. (ECF No. 64 at 4 ("[H]e cannot show cause for the procedural default of these two allegations because the ineffective assistance of collateral appellate counsel does not constitute sufficient cause to excuse a procedural default, even after the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).")). The undersigned does not disagree with this argument.

7

*Not Plainly Meritless*

Similarly, in opposing Petitioner's assertion that his grounds are not plainly meritless, Respondents reiterate their positions as expressed in their return that the grounds raised in the petition lack merit. Respondents further argue that there is no available state court remedy and urge this Court that Petitioner's pending PCR application will be dismissed as successive and untimely. However, as recognized by this Court in the past, while "successive PCR cases are disfavored by the courts of the State of South Carolina, they are not absolutely precluded." *Terry v. Byars*, C/A No. 4:12-1798-SB-TER, 2012 WL 6102938, at *6 (citing *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991) (holding that an allegation that prior PCR counsel was ineffective is not *per se* a sufficient reason allowing for a successive PCR application); *Williams v. Ozmint*, 380 S.C. 473, 477 n.2, 671 S.E.2d 600, 602 n.2 (2008) ("In fact, Petitioner's PCR application mentioned above was successive. The PCR court allowed it to proceed on the merits finding that Petitioner did not receive adequate assistance of PCR counsel in his first application.")). Moreover, S.C. Code Ann. § 17-27-45(c) allows the filing of a PCR application within one year of the date of actual discovery of facts not previously presented and heard or one year after the date when the facts could have been ascertained by the exercise of reasonable diligence. As stated above, based on the facts and circumstances of this case at this time, the

undersigned finds that the state court should make the determination whether Petitioner's pending PCR application should be dismissed or considered on the merits. It cannot be said that Petitioner's grounds are plainly meritless as successive.

*No Evidence of Intentionally Dilatory Tactics*

Petitioner's first PCR petition was denied on September 11, 2014. Petitioner's counsel in this habeas corpus case were appointed in January 2015, and the petition was filed on August 14, 2015. Respondents filed a return and motion for summary judgment on November 16, 2015. Thereafter, on December 4, 2015, Petitioner filed both a motion to stay in this case and mailed a second PCR application in state court.

Respondents assert that Petitioner caused delay by failing to file his motion to stay contemporaneously with his petition or at any point prior to Respondents' motion for summary judgment. Petitioner points out in his reply that "because procedural default is an affirmative defense, [Petitioner] was unsure whether Respondents would assert a procedural bar (and if so as to which claims) prior to the filing of Respondents' Return and Motion for Summary Judgment . . . ." (ECF No. 66 at 6 (citing *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996) ("[P]rocedural default is an affirmative defense."))). Based on the record presented, it does not appear that Petitioner or counsel has engaged in any intentionally dilatory litigation tactics.

Therefore, based on the information currently available, the undersigned finds

9

that Petitioner has demonstrated good cause, that Petitioner's unexhausted claims are potentially meritorious, and that there is no indication that he engaged in intentionally dilatory litigation tactics.

## Conclusion

Accordingly, Petitioner's Motion to Stay (ECF No. 58) is granted. Counsel for Petitioner and counsel for Respondents are encouraged to seek expedited proceedings before the Court of Common Pleas.

The parties are directed to file a joint status report with the Court every six (6) months, commencing on the date of this order, advising the Court of the status of the pending PCR application. Counsel for Petitioner shall file a supplemental brief and motion to lift the stay within thirty (30) days after the decision of the Court of Common Pleas in Petitioner's pending PCR action becomes final. *See Rhines*, 544 U.S. at 278.[5] Counsel for Respondent may file a response fourteen (14) days after the filing of Petitioner's supplemental brief.

The Clerk of Court shall indicate on the docket sheet of this case that the above-captioned case has been stayed.

---

[5] Counsel for Respondents may seek to lift the stay if Petitioner engages in abusive or dilatory litigation tactics in state court. *Rhines*, 544 U.S. at 278.

IT IS SO ORDERED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
January 13, 2016                                United States Magistrate Judge
Florence, South Carolina