

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD BERNARD MOORE,<br>　　　　　　　Petitioner,<br><br>vs.<br><br>BRYAN P. STIRLING, Commissioner,<br>South Carolina Department of Corrections,<br>and WILLIE D. DAVIS, Warden of Kirkland<br>Reception and Evaluation Center,<br>　　　　　　　Respondents. | CIVIL ACTION NO. 4:14-04691-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND
AND DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**

### I.　INTRODUCTION

This is a capital habeas corpus action brought under 28 U.S.C. § 2254 (section 2254). Pending before the Court is Petitioner Richard Bernard Moore's (Petitioner) motion to alter or amend the Court's Order, ECF No. 149, adopting the Report and Recommendation (Report) of the United States Magistrate Judge. ECF No. 152. Also included in Petitioner's motion is a request for a certificate of appealability as to Grounds One, Three, Four, Five, and Eight of his petition under section 2254 for writ of habeas corpus (petition). *Id.* Grounds Two, Six, and Seven of the petition were not at issue in the Court's Order adopting the Report. ECF No. 149 at 14. Having carefully considered the motion, the request, the response, the record, and the applicable law, it is the judgment of the Court both Petitioner's motion and his request for a certificate of appealability will be denied.

## II.      FACTUAL AND PROCEDURAL HISTORY

United States Magistrate Judge Thomas E. Rogers, III, issued a Report suggesting Respondents' motion to strike be granted in part and denied in part, Respondents' motion for summary judgment be granted, and Petitioner's motion for hearing and motion to stay be denied. ECF No. 136.  Petitioner timely filed objections, ECF No. 140, and Respondents replied, ECF No. 143.  Respondents filed additional briefing regarding Ground Four of Petitioner's petition. ECF No. 146.  Petitioner declined to file an additional reply.  On March 21, 2018, this Court entered an Order overruling Petitioner's objections, adopting the Report, granting in part and denying in part Respondents' motion to strike, granting Respondents' motion for summary judgment, denying Petitioner's petition, and denying Petitioner's motion for a hearing and motion to stay.  ECF No. 149.

Petitioner timely filed his motion under Rule 59(e) to alter or amend the Court's Order adopting the Report and his request for a certificate of appealability, ECF No. 152, and Respondents filed a response, ECF No. 153.  The Court is now prepared to discuss the merits of the motion and the request.

## III.     STANDARDS OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior

to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss. 1990)). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a court to issue a certificate of appealability, "the applicant [must] ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has decided the constitutional claims on the merits, a certificate of appealability should issue where "petitioner [] demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V. CONTENTIONS OF THE PARTIES

In Petitioner's motion, he asks the Court to reconsider its Order adopting the Report. Specifically, Petitioner advances the Court erred in applying the law regarding when a federal habeas claim is fundamentally altered by new evidence from the claim that was before the state court such that the new evidence should be allowed in support of the federal habeas claim. On that basis, Petitioner avers the Court should amend its Order, find Grounds One and Five of his petition were fundamentally altered by new evidence presented to this Court, and grant his petition on Grounds One and Five. In the alternative, Petitioner argues the Court should grant him a certificate of appealability on Grounds One, Three, Four, Five, and Eight of his petition.

Respondents argue the Court correctly applied the standard regarding whether a claim has been fundamentally altered by new evidence. Accordingly, Respondents aver the Court should deny Petitioner's motion to alter or amend. Respondents fail to address Petitioner's request for a certificate of appealability.

## V. DISCUSSION AND ANALYSIS

### A) Motion to Alter or Amend

Petitioner's motion to alter or amend fails to allege any intervening change in law. Although Petitioner's motion concerns whether the Court should have reviewed new evidence in support of Grounds One and Five of his petition, Petitioner's argument is the Court erred in applying the law. Petitioner's motion is thus best characterized as seeking amendment based upon a clear error of law.

As a preliminary matter, the Court notes Petitioner raised his argument about when a claim is fundamentally altered prior to the Court entering the Order he now seeks to amend. ECF No. 95 at 42-48. Thus, Petitioner's argument could correctly be viewed as an inappropriate rehashing of arguments already presented and ruled upon by, the Court. In an abundance of caution, however, the Court has reviewed Petitioner's argument regarding when a claim is fundamentally altered. The Court agrees with Respondents that Petitioner's argument is without merit.

Federal habeas review is highly deferential if the state court rendered a decision on the merits. 28 U.S.C. §2254(d). A federal habeas court is generally "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). New evidence may be presented to the federal habeas court, however, where such evidence fundamentally alters the claim that was before the state court such that the claim was not exhausted before the state court. *See Gray v. Zook*, 806 F.3d 783, 799 (4th Cir. 2015). New evidence does not fundamentally alter the claim that was before the state court where "[t]he heart of the claim remains the same," such that the evidence "has perhaps strengthened the claim, but it has not 'fundamentally altered it.'" *Id.* (quotation in original).

Petitioner avers the Court failed to sufficiently analyze the evidence presented to the state court to determine whether the state court could render a decision on the merits. Petitioner further advances the Court declined to adequately compare the evidence presented in state court with the evidence Petitioner sought to be considered by this Court to determine whether the new evidence fundamentally alters the claim that was before the state court. At the outset, the Court notes the cases Petitioner cites in support of this argument fail to require the Court to conduct a particular form of review comparing the state and federal court evidence. Further, the Court reviewed the record and held the state post-conviction relief (PCR) court reviewed both Ground One and Ground Five on the merits. ECF No. 149 at 15, 24. Thus, this Court's review of Grounds One and Five was limited under *Cullen* to the record presented to the state court unless the new evidence fundamentally altered the claim. Having reviewed Petitioner's claims before the state PCR court and in his petition before this Court, this Court held the heart of the claims in Grounds One and Five of Petitioner's petition remained the same as they had been before the state PCR court. ECF No. 149 at 16, 24-25. Because the heart of the claims in Grounds One and Five remained the same, it would be improper for the Court to review Petitioner's new evidence. For those reasons, the Court will deny Petitioner's motion to alter or amend as to Grounds One and Five of his petition.

**B)** **Certificate of Appealability**

As an alternative to granting his motion to alter or amend as to Grounds One and Five, Petitioner requests the Court grant him a certificate of appealability on Grounds One, Three, Four, Five, and Eight of his petition. Petitioner argues a certificate of appealability should issue as to these grounds because he "'made a substantial showing of the denial of a constitutional right' on each of those claims . . . ." ECF No. 152 at 4.

Petitioner's request for a certificate of appealability is due to be denied because Petitioner fails to show a certificate of appealability is warranted in this case. Petitioner neglects to make any argument regarding whether reasonable jurists would disagree with the Court's resolution of Grounds One, Three, Four, Five, and Eight of Petitioner's petition, and the Court now holds they would not. Thus, the Court will deny Petitioner a certificate of appealability as to his petition.

**VI. CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's Rule 59(e) motion to alter or amend the Court's Order adopting the Report is **DENIED**. Petitioner's request for a certificate of appealability is also **DENIED.**

**IT IS SO ORDERED**.

Signed this 10th day of May, 2018, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE